UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUDIS REYES, et al.,

                Plaintiffs,

-against-

DC WHITE PLAINS LLC (D/B/A DON COQUI), et al.,

                Defendants.

**ORDER**

24-CV-09522 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

On May 5, 2025, Plaintiffs filed a Proposed Order to Show Cause Without Emergency Relief why the Court should not enter a default judgment against Defendants ("Proposed OTSC"). (Doc. 19). The Court declined to sign the Proposed OTSC on the grounds the application failed to comply with Local Rule 55.2(c), which directs that a party seeking a default judgment "must file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." The Court accordingly directed Plaintiffs to supplement their previous filings to comply with Local Rule 55.2(c) by May 13, 2025. (Doc. 43). On May 12, 2025, Plaintiffs filed a supplemental declaration of their attorney, purporting to attest to the facts set forth in the "damages chart" annexed to the initial submission. (Doc. 44).

Counsel's hearsay affidavit is not a substitute for the personal knowledge of a party and simply does not comply with Local Rule 55.2(c). *See, e.g., Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) (attorney's declaration "is not a substitute for the personal knowledge of a party"); *Trs. of Loc. 522 Pension Fund v. Tri-Boro & Rest. Supply Co.*, No. 12-CV-00163, 2013 WL 685377, at *4 (E.D.N.Y. Feb. 24, 2013) ("Indeed, '[t]he absence of an

affidavit by a person with actual knowledge of the facts, supported by appropriate documentation, deprives the court of the ability to make an independent assessment of the damages to be awarded' at this time."); *Mason Tenders Dist. Council Pension Fund v. Messera*, 4 F. Supp. 2d 293, 299 (S.D.N.Y. 1998) (rejecting "hearsay affidavit of counsel, unsupported by other competent proof").

The Court declines to sign the Proposed OTSC. Plaintiffs may supplement their previous filings to comply with Local Rule 55.2(c) by May 23, 2025.

Upon an appropriate and complete submission by May 23, 2025, the Court will take Plaintiffs' request for the entry of default judgment by order to show cause under advisement.

**SO ORDERED.**

Dated: White Plains, New York
　　　　May 13, 2025

_____
PHILIP M. HALPERN
United States District Judge